UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN V. WILLIAMS<br><br>        Plaintiff,<br><br>vs.<br><br>STERLING CREDIT CORPORATION<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

1. This is an action for damages brought by Plaintiff, an individual consumer as a result of Defendant's numerous violations of 15 U.S.C. § 1692 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), the purpose of which is to eliminate abusive debt collection practices by debt collectors.

2. Jurisdiction in this Court is created pursuant to 15 U.S.C. § 1692k (d).

3. Plaintiff, Steven V. Williams, is a natural person and is a resident of the State of New Jersey, County of Camden.

4. Defendant Sterling Credit Corporation, ("Defendant") is a domestic corporation with a principal place of business located at 716 N Bethlehem Pike, Ambler, PA.

5. The principal purpose of Defendant is the collection of debts in the State of New Jersey and its sister states and Defendant regularly attempts to collect debts alleged to be due to another party within the state of New Jersey.

6. Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a (6) as it regularly uses instrumentalities of interstate commerce such as the mail and telephone in its business, the principal purpose of which is the collection of debts.

7. On or about February 13, 2009, Defendant began attempting to collect a debt from Plaintiff.

8. The underlying alleged debt was incurred by Plaintiff for personal, family or household services.

9. Defendant contacted plaintiff by telephone on numerous occasions with the intent of harassing Plaintiff.

10. Plaintiff contacted Defendant and clearly informed Defendant that he did not owe the amount claimed.

11. Defendant refused to provide any validation of the alleged debt and continued collections activities directed at Plaintiff even after being directly informed that the original creditor assured Plaintiff that he had no outstanding balance due.

12. Defendant's representatives made numerous false and misleading representations to Plaintiff including but not limited to: false representations regarding the amount and legal character of the alleged debt, improper fees allegedly owed by Plaintiff to the Defendant, claims that paying the alleged amount due would allow Plaintiff to avoid additional fees and costs, claims that Defendant would "clear up" Plaintiff's credit, threats that his vehicle would be imminently repossessed although no such repossession could be legally taken and none was intended, threats of legal action although no such action was actually intended.

13. As a result of the conduct of Defendant, Plaintiff has suffered, among other things, emotional distress, embarrassment, strain on family relations, anxiety, embarrassment, humiliation and reduced credit rating.

## COUNT I
### (Violation of the FDCPA)

14. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

15. Based on the actions of Defendant alleged herein, Defendant violated the FDCPA.

16. Defendant's FDCPA violations include but are not limited to a violation of 15 U.S.C. § 1692d by communicating with Plaintiff using language with the intention of abusing Plaintiff and causing a telephone to ring repeatedly with the intention to annoy, 15 U.S.C. § 1692d by purposefully harassing Plaintiff and by calling him repeatedly and continuously and failing to provide meaningful disclosure of the callers identity when calling, 15 U.S.C. § 1692e by making various false, deceptive and misleading representations, and 15 U.S.C. § 1692f by using unfair practices in attempting to collect the alleged debt including threatening to immediately reposes Plaintiff's vehicle and commencing legal action although Defendant had no legal right to do so and/or no present intention to do so.

17. As a result of its numerous violations of the FDCPA, Defendant is liable to Plaintiff for all actual damages sustained by him, additional statutory damages as determined by the Court, costs associated with the action as well as a reasonable attorney's fee.

**WHEREFORE**, Plaintiff Steven V. Williams, respectfully requests that judgment be entered against Defendant Outsource for the following:

A. Declaratory judgment that Defendant's conduct violated the Fair Debt Collections Practices Act;

B. An award of actual damages sustained by Plaintiff Steven V. Williams;

C. An award of additional damages pursuant to 15 U.S.C.§ 1693 k;

D. An award of the costs of the action as well as a reasonable attorney's fee pursuant to 15 U.S.C. § 1692k;

E. An award of any other and further relief which to the Court seems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: Albany, New York
October 23, 2009

THE ROSE LAW FIRM, PLLC

By: _____
G. Christopher Gleason, Esq.
Attorneys for Plaintiff
Steven V. Williams
501 New Karner Road
Albany, New York 12205
(518) 869-9200
cgleason@theroselawfirm.com

J:\DATA\FAIR DEBT\NEW JERSEY\MATTER\19629 WILLIAMS\PLEADINGS\COMPLAINT EDPA.DOCX